# UNITED STATES BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re | Chapter 13 Proceedings |
| ARTHUR J. GAMACHE and PRISCILLA C. GAMACHE, | Case No. BK 05-6956-PHX-CGC |
| Debtors. | Adv. No. 05-578 |
| WILLIAM DOUGLAS MORLEY and ROSEMARIE A. MORLEY, husband and wife, | UNDER ADVISEMENT DECISION RE: DISCHARGEABILITY |
| Plaintiffs, | |
| v. | |
| ARTHUR J. GAMACHE and, PRISCILLA C. GAMACHE, | |
| Defendants. | |

Plaintiffs William and Rosemarie Morley ("Morley") seek summary judgment against Debtors Arthur and Priscilla Gamache ("Gamache") arising out of Plaintiffs' purchase of a motorcycle from Debtors in 2004.

The facts are undisputed. Gamache sold a motorcycle to Morley for the negotiated price of $4,300.00. When the parties met to consummate the transaction, Morley had only $3,300 with him and Gamache had brought the wrong title. The parties agreed to treat the $3,300 as a deposit. Morley left with the motorcycle and Gamache agreed to get the right title and meet at a later point to finish the transaction.

Before it was possible to finish the transaction, Morley seriously injured himself while riding the motorcycle. The cycle was totaled and Morley fell into a coma. According to Gamache, Rosemarie Morley called and asked Gamache "to deal with the motorcycle," as the towing company was repeatedly calling her to have her pay to release the motorcycle. Gamache thereafter made a claim on his insurance policy. The insurer paid Gamache $5,400 and paid the towing company, thereby releasing the motorcycle. In the end, Gamache received $5,400 from the insurance company plus the $3,300 Plaintiffs had paid as a deposit.

1    Gamache, unhappy with Morley's conduct during the transaction, offered to return only

2  half of the $3,300 Morley had paid.  Although Gamache apparently believed he was entitled to

3  keep the entire $3,300, the Court concludes that, outside of bankruptcy, the motorcycle would be

4  treated as theirs (as they collected the insurance payment arising from the damage to the cycle)

5  and that they owe the deposit back to Morley.

6    Subsequently, Gamache filed bankruptcy and Morley filed this adversary seeking a

7  determination that the $3,300 debt is non-dischargeable.  In the absence of such a

8  determination, the debt would be discharged.

9    Morley's counsel cites to both Sections 523(a)(2) and (4) as grounds for finding the

10  debt  nondischargeable.  Section 523(a)(2)(A) requires a finding that the debt was incurred by

11  "false pretenses, a false representation, or actual fraud."  Morley provides no analysis or proof

12  that the debt was incurred by fraud or false pretenses. According to Gamache, he believed they

13  were entitled to keep the $3,300 because Morley allegedly "nickeled and dimed" them over the

14  purchase price and made false claims that the motorcycle was defective in an effort to further

15  reduce the sales price.  Whether ultimately true or not, Morley does not challenge Gamache's

16  stated intent and has provided no evidence to the contrary.

17    Plaintiffs' second ground for finding the debt nondischargeable is Section 523 (a)(4),

18  which requires a finding that the debt was incurred by "fraud or defalcation while acting in a

19  fiduciary capacity, embezzlement, or larceny."   Defalcation while acting in a fiduciary

20  capacity further requires proof of an actual trust, rather than a resulting or constructive trust.

21  *See In re Schneider,* 99 B.R. 974 (9th Cir. BAP 1989) (stating that "[t]he intent to create a trust

22  relationship rather than a contractual relationship is the key element in determining the

23  existence of an express trust.").  Simply holding the $3,300 deposit until Plaintiffs could pay

24  the remaining amount does not give rise to an actual trust.

25    Although not argued in their complaint or motion for summary judgment, Plaintiffs'

26  real claim is that Gamache converted either the cycle or the insurance proceeds, thereby

27

28                                          - 2 -

1   implicating Section 523(a)(6).   Under prior Ninth Circuit law, conversion may have been

2   grounds for a finding of nondischargeability under 523(a)(6).   *See In re Cecchini,* 772 F.2d

3   1493 (9th Cir. 1985).   However, that is no longer the case.   In *Kawaauha v. Geiger,* 523 U.S.

4   57 (1998), the United States Supreme Court settled a dispute among the circuits as to the

5   meaning of "wilful and malicious injury" by determining that  a finding of evil intent was a

6   necessary predicate to " wilful or malicious injury."   Under *Geiger*, the debtor must have

7   intended the consequences of his act and not simply the act itself.   Therefore, negligently or

8   recklessly inflicted injuries do not fall within the meaning of "wilful or malicious."   The Ninth

9   Circuit, by which this Court is bound, has consistently held since *Geiger* that conversion is not

10  *per se* a wilful and malicious injury to property of another.   *See In re Peklar,* 260 F.3d 1035

11  (9th Cir. 2001); *In re Thiara,* 285 B.R. 420 (9th Cir. BAP 2002).   The question is one of intent,

12  a fact question difficult to determine on summary judgment. Here, Debtors have stated that

13  their reason for keeping the funds was their belief that they were entitled to them as a result of

14  the trouble they felt they went through in trying to consummate this sale.   The record is devoid

15  of any evidence of intent to harm Gamache, although Morley has not yet had the opportunity to

16  make that case.

17          For the foregoing reasons, the Motion for Summary Judgment will be denied.

18  Plaintiffs shall have thirty days within which to amend their complaint to state a cause of action

19  under Section 523(a)(6).   If the complaint is so amended, Gamache's previous answer will be

20  treated as an answer to the amended complaint and a Rule 16(b) scheduling conference will be

21  set, at which time a date for trial will be determined.   If the amended complaint is not filed,

22  judgment will be entered for Gamache.

23          So ordered.

24          DATED:   February 5, 2007

25          _____

26          CHARLES G. CASE II
            United States Bankruptcy Judge

27

28                                          - 3 -

| | |
|---|---|
| 1 | **COPY** of the foregoing mailed by the BNC and/or sent by auto-generated mail to: |
| 2 | |
| 3 | OFFICE OF THE U.S. TRUSTEE<br>230 N. First Ave.<br>Phoenix, Arizona 85004 |
| 4 | |
| 5 | Keith R. Lallis<br>Gibson, Mathesin, Lallis, & Friedlander<br>1837 S. Mesa Dr., Ste. C100 |
| 6 | Mesa, Arizona 85210-6219<br>Attorneys for Plaintiffs |
| 7 | |
| 8 | Arthur and Priscilla Gamache<br>11170 W. Holly Street<br>Avondale, Arizona 85323 |
| 9 | Defendants/Debtors |
| 10 | James L. Leather<br>Burton & Associates |
| 11 | 13601 N. 19th Avenue, Ste 5<br>Phoenix, Arizona 85029 |
| 12 | Attorneys for Defendants/Debtors |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | - 4 - |